IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
IN ADMIRALTY

|  |  |
|---|---|
| ) | C/A No.: 3:12-cv-00148-JFA |
| ) |  |
| ) |  |
| IN THE MATTER OF THE COMPLAINT OF ) | **ORDER DIRECTING ISSUANCE OF** |
| ANGEL W. LOPEZ ) | **NOTICE AND RESTRAINING** |
| ) | **PROSECUTION OF CLAIMS** |
| ) |  |
| ) |  |
| ) |  |
| ) |  |

A Complaint having been filed herein on January 12, 2012 by Angel W. Lopez ("**Petitioner**"), owner or owner *pro hac vice* as its interests may appear at all times relevant hereto of a personal motor vessel more precisely described as 1988 Wellcraft 34' Gran Sport, bearing vessel official number 932063 and hull identification number WELG006G788, ("the Vessel") claiming the benefit of limitation of liability as provided by the Limitation of Shipowners' Liability Act, 46 U.S.C.A. § 30501, *et seq*., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims for all losses, damages, injuries and death or destruction allegedly resulting from the casualty referred to in the foregoing Complaint that occurred on July 13, 2011 in the waters of Lake Wylie; and

Petitioner having filed an *ad interim* stipulation for the value of the relevant Vessel plus costs, as security for all those who may file claims herein, all as required by the rules of the Court and the law;

NOW THEREFORE, on motion of the Petitioner, by and through his attorneys,

IT IS ORDERED that the Petitioner's stipulation for value and costs in the sum of Five Hundred and No/100 Dollars ($500.00) filed on January 12, 2012, be accepted as an ad interim

stipulation for the purpose of a limitation proceeding and that it be approved as to quantum and form; and

IT IS ORDERED that the stipulation for value of Petitioner's interest in the Vessel and her pending freight, in the principal amount of Zero Dollars ($0.00) be accepted as an *ad interim* stipulation for the purpose of a limitation proceeding and that it be approved as to form and quantum; and

IT IS FURTHER ORDERED that the Petitioner's stipulation of security for costs in the sum of Five Hundred and No/100 Dollars ($500.00) of even date is also accepted and approved as to quantum and form; and

IT IS FURTHER ORDERED that a notice issue out or and under the seal of this Court, admonishing all persons asserting claims for any and all losses, damages, injuries or destruction allegedly resulting from or incident to the occurrences and happenings recited in the Complaint to file their respective claims with the Clerk of this Court at Columbia, South Carolina, and serve them on Sean D. Houseal of Womble Carlyle Sandridge & Rice, LLP, attorneys for the Petitioner, at the address of P.O. Box 999, Charleston, South Carolina 29402 no later than 5 p.m. on February 23, 2012, or else be defaulted; and

IT IS FURTHER ORDERED that the commencement or further prosecution of any action or proceeding against the Petitioner, its underwriters or any of its property with respect to any claims for which the Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injury or destruction resulting from the casualty described in the Complaint, be and the same is hereby stayed and restrained until the hearing and determination of this proceeding; and

IT IS FURTHER ORDERED that Petitioner is to publish this notice in the *Charlotte Observer* of Charlotte, North Carolina once per week for four successive weeks prior to the date fixed for the filing of claims;

AND IT IS FURTHER ORDERED that Petitioner, not later than the day of second publication, is to mail a copy of this notice to every person known to have made any claim against the Vessel or the Petitioner arising out of the voyage on which the claims sought to be limited arose.

IT IS SO ORDERED.

January 24, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge