IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
IN ADMIRALTY

|  |  |
|---|---|
| ) | C/A No.: 3:12-cv-00148-JFA |
| ) |  |
| ) |  |
| IN THE MATTER OF THE COMPLAINT ) | **ORDER APPROVING SETTLEMENT** |
| ANGEL W. LOPEZ ) |  |
| ) |  |
| ) |  |
| ) |  |
| ) |  |

This matter is before me by way of the Verified Petition of Phyllis Lopez (Docket Nos. 42, 46), as parent and guardian of B.L., A.O.L., and J.L. (the "Minors"), seeking approval of the settlement of claims in favor of the Minors for injuries and losses alleged, or which may have been alleged, to have been sustained by the Minors in connection with the Accident which gave rise to this action. In the Verified Petition filed by Consent Motion of the Parties on June 21, 2013, the Parties represented the following to the Court:

1. Phyllis Lopez is a citizen and resident of Mecklenburg County, North Carolina and is the parent and guardian of her biological children, the Minors.

2. B.L., born on January 11, 2000, is a minor under the age of eighteen (18) years, and resides in Mecklenburg County, North Carolina with his parents, Angel W. and Phyllis Lopez.

3. A.O.L., born on October 18, 1998, is a minor under the age of eighteen (18) years, and resides in Mecklenburg County, North Carolina with his parents, Angel W. and Phyllis Lopez.

4. J.L., born on January 24, 1995, was on the date of the Accident a minor under the age of eighteen (18) years, and resides in Mecklenburg County, North Carolina with his parents, Angel W. and Phyllis Lopez.

5. On July 13, 2011, Phyllis Lopez and the Minors were aboard a 1988 Wellcraft 34' Gran Sport, bearing hull identification number WELG006G788 (the "Vessel"), owned and operated by the Minors' father, Angel W. Lopez ("Mr. Lopez"), when the Vessel burst into flames on Lake Wylie in or near the Tega Cay Marina and sank to the lake bottom (the "Accident"). The Accident occurred as Mr. Lopez was attempting to start the Vessel's engine after having refueled at the Tega Cay Marina. The cause of the Accident is unknown. The Minors sustained burns and related injuries as a result of the Accident, and they have received medical treatment.

6. At the time of the Accident, the Vessel was insured by American Modern Home Insurance Company (AMHIC).

7. On or about January 13, 1012, Mr. Lopez initiated the above-captioned action by the filing of a petition pursuant to the Shipowner's Limitation of Liability Act, seeking exoneration from or limitation of his liability arising from the Accident, if any.

8. On February 22, 2012, Phyllis Lopez, by and through her counsel Richards McCrae, Esq. of the law firm of Morton & Gettys, filed a Notice of Claim and Answer on behalf of herself and the Minors, seeking unspecified damages arising from the Accident.

9. Neil Aldridge, Martin Camhi, Richard Venino, and State Farm Fire & Casualty Co. separately filed a Notice of Claim and Answer in the within action, seeking reimbursement for property damage allegedly sustained to vessels moored at the Tega Cay Marina at the time of

the Accident. The total amount of the property damage claims pursued in this action exceeds $43,500.

10.  As full and final settlement of any claims alleged or which could have been alleged in this Action, AMHIC, on behalf of the Vessel and its owner, Mr. Lopez, while denying liability and for the sole purpose of compromising the claims, has offered to pay its policy limits of One Hundred Thousand ($100,000.00) Dollars to the various claimants who have filed and pursued claims in this action, of which Thirty Thousand ($30,000.00) Dollars shall be paid to the property damage claimants referenced in Paragraph 9 above, and Seventy Thousand ($70,000.00) Dollars shall be paid in settlement of the Minors' claims.

11.  Phyllis Lopez, individually and as parent and guardian of the Minors, has agreed to accept the terms of the full and final settlement of all claims alleged or which could have been alleged in this Action.

12.  Phyllis Lopez, individually and as parent and guardian of the Minors, respectfully requests that this Honorable Court approve the terms of the settlement of the Minors' claims by way of payment by AMHIC on behalf of Mr. Lopez in the amount of Seventy Thousand ($70,000.00) Dollars for the benefit of the Minors, to be allocated as follows:

   a.  To Phyllis Lopez, as parent and guardian of, and for the benefit of, J.L., her child who was a minor on the date of the Accident, the sum of Twenty-Eight Thousand and Twenty-Seven and 82/100 ($28,027.82) Dollars; and

   b.  To MetLife Tower Resources Group, Inc., for the benefit of minors B.L. and A.O.L., by way of a fully-executed Qualified Assignment Agreement in accordance with Internal Revenue Code Section 130, by which MetLife Tower Resources Group, Inc. has accepted and assumed liability to make the periodic

payments specified in the schedule in Subsection "i." below, the sum of Forty-One Thousand Nine Hundred Seventy-Two Thousand and 18/100 ($41,972.18) Dollars.

i. Periodic payments made according to the following schedule by MetLife Tower Resources Group, Inc., for the benefit of minors B.L. and A.O.L., (the "Periodic Payments"), as per a fully-executed Qualified Assignment Agreement in accordance with Internal Revenue Code Section 130:

   1. Payable to A.O.L. ("Payee"):
      a. $7,500.00 guaranteed lump sum payable on October 18, 2016;
      b. $14,415.14 guaranteed lump sum payable on October 18, 2019.

   2. Payable to B.L. ("Payee"):
      a. $7,500.00 guaranteed lump sum payable on January 11, 2018;
      b. $15,422.68 guaranteed lump sum payable on January 11, 2021.

ii. All such aforementioned Periodic Payments are guaranteed whether or not the Payee survives the payment schedule. All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

iii. The obligation to make the Periodic Payments described herein shall be assigned to MetLife Tower Resources Group, Inc. ("Assignee"), and funded by an annuity contract issued by Metropolitan Life Insurance Company ("Annuity Issuer"), rated A+XV BY A.M. Best.

   iv. Any guaranteed payments to be made after the death of the Payee shall be made to Estate of the Payee. Upon the age of majority, Payee may submit a change of beneficiary to the Assignee. The designation must be in a form acceptable to the Assignee.

13. Attorney's fees and costs in the total amount of Seven Thousand Forty-One and 72/100 ($7,041.72) Dollars for services rendered in connection with this matter to Phyllis Lopez, individually and as parent and guardian of the Minors, shall be paid to Phyllis Lopez's attorney, Richards McCrae, Esq. of Morton & Gettys, from the $70,000.00 payment made by AMHIC on behalf of Mr. Lopez in settlement of the Minors' claims.

14. Phyllis Lopez understands that this settlement fully satisfies all claims that she and the Minors have or might have arising from the Accident.

15. Phyllis Lopez believes the proposed settlement is reasonable, fair, just, and in the best interest of the Minors.

16. Phyllis Lopez has been advised and understands that the proposed settlement, if approved, would bar absolutely and forever any future or additional claims by the Minors or on their behalf against Mr. Lopez or AMHIC, as well as any of their agents, heirs, properties and insurers arising from the Accident.

17. Phyllis Lopez and the Minors are properly represented and hereby submit to the personal and subject matter jurisdiction of this Court in connection with the matters set forth herein.

18. The Certification of Counsel for Phyllis Lopez, stating his opinion that the settlement is fair, reasonable, just, and in the best interest of the Minors, as well as the Consent of Counsel for All the Parties to the action is appended to the Petition.

This Court, having reviewed the Verified Petition and having conducted a Settlement Conference on July 9, 2013, hereby finds that the total amount of the settlement, as well as the allocation of the settlement funds as between the various Claimants, is reasonable and appropriate under the circumstances of this case; and

IT IS THEREFORE ORDERED that the settlement agreement is APPROVED; and

IT IS FURTHER ORDERED that in full and final settlement of any and all claims which were or which could have been asserted against Angel W. Lopez, his property, or AMHIC arising out of the casualty described in the Complaint/Petition for Exoneration from and/or Limitation of Liability herein (Docket No. 1), AMHIC has this Court's authorization to remit, on behalf of the Vessel and its owner Angel W. Lopez, One Hundred Thousand ($100,000.00) Dollars to the various claimants who have filed and pursued claims in this action, of which Thirty Thousand ($30,000.00) Dollars shall be paid to the property damage claimants listed in Paragraph 9 above, and Seventy Thousand ($70,000.00) Dollars shall be paid in settlement of the Minors' claims, to be allocated as set forth in Paragraphs 12 and 13 above; and

IT IS FURTHER ORDERED that the allocation of the Thirty Thousand ($30,000.00) Dollars to be paid to the property damage claimants listed in Paragraph 9 above shall be in accordance with the allocation previously agreed upon by the Parties and memorialized in the Parties' Release in this case, to wit:

a. To Neil M. Aldridge, the sum of SEVEN HUNDRED AND 00/100 ($700) DOLLARS; and

b. To Martin Camhi, the sum of TWO THOUSAND ONE HUNDRED AND 00/100 ($2,100) DOLLARS; and

    c. To Auto-Owners Insurance Company, as subrogee of Richard Venino, the sum of SIX THOUSAND FOUR HUNDRED FORTY AND 00/100 ($6,440) DOLLARS; and

    d. To State Farm Fire & Casualty Co., as subrogee of Patrick Graske and Michael Parks, the sum of TWENTY THOUSAND SEVEN HUNDRED SIXTY AND 00/100 ($20,760) DOLLARS; and

  IT IS FURTHER ORDERED that the security posted on behalf of Angel W. Lopez in this case in the amount of FIVE HUNDRED AND 00/100 ($500.00) DOLLARS shall be released by the Court and returned to the remitter, Womble Carlyle Sandridge & Rice, LLP, as counsel for Angel W. Lopez, along with any interest that has accrued while this security was posted to which the remitter may be entitled; and

  IS FURTHER ORDERED that the commencement or further prosecution of any and all claims that were or which could have been asserted against Angel W. Lopez, his property, or AMHIC arising out of or connected with any loss, damage, injury, or destruction resulting from the casualty described in the Complaint/Petition for Exoneration from and/or Limitation of Liability herein shall be barred forever, and that this matter is now ended.

  IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

August 9, 2013             Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge

**CONSENT OF COUNSEL AND PRO SE CLAIMANTS**

WE CONSENT TO THE WITHIN ORDER:

s/ Richards McRae
_____
Richards McCrae, Esq., Fed. Bar No. 9866
Morton & Gettys
334 Oakland Avenue
Rock Hill, SC 29731
Phone:  (803) 366-3388
*Counsel for Phyllis Lopez, individually and as parent*
*and guardian of minor children J. Lopez, A.O. Lopez, and B. Lopez*


s/ James P. Walsh
_____
James P. Walsh, Esq., Fed. Bar No. 5636
Clarkson Walsh Terrell & Coulter
P.O. Box 6728
Greenville, SC 29606
Phone:  (864) 232-4400
*Attorneys for Richard Venino and Auto-Owners Insurance Company,*
*as subrogee of Richard Venino*


s/ David B. Marvel
_____
David B. Marvel, Esq., Fed. Bar No. 7957
Prenner Marvel, P.A.
636 King Street
Charleston, SC 29403
Phone:  (843)722-7250
*Attorneys for State Farm Fire & Casualty Co.,*
*as Subrogee of Patrick Graske and Michael Parks*

s/ Sean D. Houseal
_____
Sean D. Houseal, Esq., Fed. Bar No. 7676
Adriane Malanos Belton, Esq.
Womble Carlyle Sandridge & Rice, LLP
5 Exchange Street
Charleston, SC 29401
(843) 722-3400
shouseal@wcsr.com
*Attorneys for Angel Lopez*

8

                              **s/ Neil M. Aldridge**
_____
                              Neil M. Aldridge
                              *Pro Se Claimant*


                              **s/ Martin Camhi**
_____
                              Martin Camhi
                              *Pro Se Claimant*